UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD E. ELLIS, et al.,<br><br>                                Plaintiffs,<br>     vs.<br><br>WELLS FARGO BANK, N.A., et al.,<br><br>                                Defendants. | CASE NO. 13-CV-1279 W(WVG)<br><br>**ORDER GRANTING MOTION TO REMAND CASE TO STATE COURT [DOC. 6] AND TERMINATING MOTION TO DISMISS [DOC. 3]** |

Pending before the Court is a motion to remand filed by Plaintiffs Richard E. Ellis and Sharie M. Ellis. Plaintiffs seek to remand this case to the San Diego Superior Court. Defendant Wells Fargo Bank, N.A., opposes.

The Court decides the matter on the papers submitted and without oral argument. See Civ.L.R. 7.1(d.1). For the reasons stated below, the Court **GRANTS** Plaintiffs' motion [Doc. 6].

I.   **BACKGROUND**

Plaintiffs reside in La Jolla, California, and are citizens of California. (*Compl.* [Doc 1-1], ¶ 6.)   Defendant Wells Fargo Bank, N.A. ("Wells Fargo") is a national banking association, with its principal place of business in San Francisco, California and its main office in South Dakota. (*Compl.*, ¶ 7; *Opp.* [Doc. 9], 2:2-4 .)

In August 2006, Plaintiffs purchased property located at 5448 La Jolla Blvd., Unit F101, La Jolla, CA 92037 (the "Residence"). (*Compl.*, ¶ 17.) "Plaintiffs executed a series of documents, including but not limited to, a Note and Deed of Trust, securing the Note in the amount of $680,000 on the Residence." (Id.) Wells Fargo is the original mortgage broker, lender and servicer used to purchase the loan. (*Id.*, ¶ 7.)

On March 11, 2013, Plaintiffs filed a Complaint against Defendants in the San Diego Superior Court alleging seven state-based causes of action. On June 3, 2013, Wells Fargo removed the lawsuit to this Court based on diversity jurisdiction. Plaintiffs now seek remand on the basis that Wells Fargo is a California citizen since its principal place of business is in San Francisco. Wells Fargo opposes arguing that as a national bank, it is only a citizen of South Dakota, where its main office is located.

II. DISCUSSION

An action is removable to federal court only if it might have been brought here originally. See 28 U.S.C. §1441(a). The removal statute is "strictly construe[d]... against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)(per curiam). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal." Id. "Th[is] 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id.

Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the suit is between citizens of different States. 28 U.S.C. §1332(a)(1). For purposes of diversity jurisdiction, corporations are generally considered citizens of the state of incorporation and principal place of business. 28 U.S.C. § 1332(c)(1). However, a national bank's citizenship for purposes of diversity jurisdiction is governed by 28 U.S.C. § 1348. This section provides:

> All national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are receptively located.

28 U.S.C. § 1348.  Thus, whether diversity jurisdiction exists in this case depends on if the term "located" includes 28 U.S.C. § 1332(c)(1)'s principal-place-of-business test.  If it does, because Wells Fargo's principal place of business is in California, diversity jurisdiction would not exist.

As an initial matter, this Court recognizes that there is considerable disagreement regarding the interpretation of "located" in section 1348.  While Wells Fargo argues that most published decisions have interpreted "located" to only include a national bank's main office, there is also a significant number of cases that have interpreted the term to also include a bank's principal place of business.[1]  Moreover, there appears to be a growing number of cases in this district that have found the principal-place-of-business test applicable to national banks.  See Ortiz v. Wells Fargo Bank, N.A. 2013 U.S. Dist. LEXIS 5661 (2013); Bickoff v. Wells Fargo Bank, N.A., 2013 U.S. Dist. LEXIS 2293 (S.D. Cal. Jan. 4, 2013); Uriarte v. Wells Fargo Bank, N.A., 2011 U.S. Dist. LEXIS 127497 (S.D. Cal. Nov. 3, 2011); Saberi v. Wells Fargo Home Mortg., 2011 U.S. Dist. LEXIS 5286 (S.D. Cal. Jan. 20, 2011).  Wells Fargo nevertheless argues that under Wachovia Bank v. Schmidt, 546 U.S. 303 (2006), national banks are only

---

[1] The following is not intended to be an exhaustive list, but simply to illustrate the growing conflict among district courts within the Ninth Circuit.  Cases that interpret "located" to include a national bank's principal place of business include: Inyang v. Resmae Morg. Corp., 2012 U.S. Dist. LEXIS 181975 (C.D. Cal. Dec. 26, 2012); Haqq-Ali v. Wells Fargo Bank, N.A., 2012 U.S. Dist. LEXIS 124502 (C.D. Cal. Aug. 31, 2012); Brew v. Wells Fargo Bank, N.A., 2012 U.S. Dist. LEXIS 6796 (E.D. Cal. Jan. 19, 2012); Guinto v. Wells Fargo Bank, 2011 U.S. Dist. LEXIS 114986 (E.D. Cal. Oct. 5, 2011); Stewart v. Wachovia Mortg. Corp., 2011 U.S. Dist. LEXIS 85822 (C.D. Cal. Aug. 2, 2011); Goodman v. Wells Fargo Bank, N.A., 2011 U.S. Dist. LEXIS 63165 (C.D. Cal. June 1, 2011); Gutterman v. Wachovia Mortg., 2011 U.S. Dist. LEXIS 74521 (C.D. Cal. Mar. 31, 2011); Mount et al. v. Wells Fargo Bank, N.A., 2008 U.S. Dist. LEXIS 98193 (C.D. Cal. Nov. 24, 2008).
Cases that interpret "located" to include only a national bank's main office include: Silva v. Wells Fargo Bank N.A., 2011 U.S. Dist. LEXIS 64636, 2011 WL 2437514 (C.D. Cal. June16, 2011); Tse v. Wells Fargo Bank, N.A., 2011 U.S. Dist. LEXIS 6796 (N.D. Cal. Jan. 19, 2011);Ngoc Nguyen v. Wells Fargo Bank, N.A., 749 F. Supp. 2d 1022, 1027-28 (N.D. Cal. 2010); Cal. ex rel. Bates v. Mortg. Elec. Registration Sys., Inc., No., 2010 U.S. Dist. LEXIS 81650 (E.D. Cal. July21, 2010); DeLeon v. Wells Fargo Bank, N.A., 729 F. Supp. 2d 1119, 1123-24 (N.D. Cal. 2010);Peralta v. Countrywide Home Loans, Inc., 2009 U.S. Dist. LEXIS 112387 (N.D. Cal. Nov. 16, 2009).

citizens of the state in which the main office is located and that Schmidt "rejected" application of the principal-place-of-business test to national banks.

In Schmidt, a national bank filed a diversity action against several South Carolina citizens. After judgment was entered in favor of the defendants, the Court of Appeal evaluated whether diversity jurisdiction existed. The court found that because the bank had a branch office in South Carolina, the bank was "located" in South Carolina and, therefore, was a South Carolina citizen for purposes of diversity. Accordingly, the Court of Appeal vacated the district court judgment, finding that it lacked subject-matter jurisdiction.

The Supreme Court rejected the Court of Appeal's expansive interpretation of the term "located" and held that a national bank, for purposes of diversity jurisdiction, "is a citizen of the State in which its main office, as set forth in its articles of association, is located." Id., 546 U.S. at 307. The Court explained:

> Were we to hold, as the Court of Appeal did, that a national bank is additionally a citizen of every State in which it has established a branch, the access of a federally chartered bank to a federal forum would be drastically curtailed in comparison to the access afforded state banks and other state-incorporated entities. Congress, we are satisfied, created no such anomaly.

Id. In a footnote, the Court acknowledged that Firstar Bank, N.A. v. Faul, 253 F.3d 982 (7th Cir. 2001) and Horton v. Bank One, N.A., 387 F.3d 426 (5th Cir. 2004) had interpreted the term "located" to include a national bank's main office and principal place of business. Id. at n 8. But the Court refused to express an opinion on the issue because it "is not presented by the parties or necessary to today's decision." Id.

Given Schmidt's explicit refusal to decide whether the term "located" includes a bank's principal place of business, Wells Fargo's claim that the decision rejected the principal-place-of-business test and "parity between national banks and corporations" (*see Opp.* [Doc. 9], 4:12–13), lacks merit. And although Schmidt acknowledged that the principal-place-of-business test is not found in section 1348's language, the same is true of the term "main office." Neither term is found in section 1348. Indeed, Schmidt

1  recognized that "'located' is not a term of enduring rigidity" and instead focused on a
2  discussion of section 1348's predecessor statutes, which the Court found sought to
3  establish parity between national banks and state banks regarding access to federal
4  courts. Schmidt, 546 U.S. at 310–312. For this reason, this Court is persuaded that
5  Firstar and Horton are in harmony with and most accurately reflect Schmidt's
6  reasoning.

7  In Horton, a national bank filed a diversity lawsuit. Similar to the situation in
8  Schmidt, the district court interpreted "located" in section 1348 to include a bank's
9  branch offices. Because one of the defendants was a citizen of a state in which the bank
10 had a branch office, the district court found diversity was lacking. The Seventh Circuit
11 reversed, relying in large part on section 1348's predecessor statutes:

> Congress passed 28 U.S.C. § 1348 against an interpretive background which assumed the national banks were to have the same access to the federal courts as state banks and corporations. No language in the statute indicates a rejection of this existing construction. A useful contrast can be drawn with the 1882 Act, which stated with exceptional clarity that national banks should not be able to resort to federal courts solely by virtue of their status as federal creations. Since Congress did not include any language suggesting that it intended to alter the established background assumption that federal courts have the same jurisdiction over national banks as over any other corporation, we presume that Congress intended for 28 U.S.C. §1348's meaning to comport with the judicial interpretations of its predecessor.

Id. at 988–989. See also Horton, 387 F.3d 426.

Because the Ninth Circuit has not yet addressed the issue in the wake of
Schmidt, and Horton's reasoning appears consistent with Schmidt's reasoning, this
Court finds that under section 3148, Wells Fargo Bank is "located" in California, and
thus diversity jurisdiction is lacking.

Finally, Plaintiffs' also seek to recover attorney's fees. Given the unsettled state
of the law within the Ninth Circuit on the issue, Defendant did not lack an objectively
reasonable basis for seeking removal. 28 U.S.C. §1447(c); see Martin v. Franklin

1  Capital Corp., 546 U.S. 132, (2005). Thus, the Court finds Plaintiffs are not entitled
2  the fees and costs incurred as a result of the removal.

## II.  CONCLUSION

For the reasons stated above, Plaintiffs' motion to remand is **GRANTED** [Doc. 6].  This case is hereby **REMANDED** to the San Diego County Superior Court. Plaintiffs' request for attorneys' fees is **DENIED**.

Additionally, in light of this order, Wells Fargo's motion to dismiss is **TERMINATED**.

**IT IS SO ORDERED.**

DATED: February 14, 2014

_____
Hon. Thomas J. Whelan
United States District Judge